Jane Ellis appearing on behalf of Mr. Fredman. This case involves allegations of ineffective assistance of counsel. In opening statement my client's attorney, the first words out of his mouth after introducing himself to the jury was Frank Fredman is a meth cook and in fact Mr. Fredman was on trial for a very large conspiracy involving. Have you read Yarborough v. Gentry? No, your honor, I haven't. You haven't? That's the latest from the United States Supreme Court on ineffective assistance of counsel for saying things like that. It reversed the ninth circuit and it made it pretty clear that it is an acceptable tactic for a lawyer to admit the downside of his client and go to the issues rather than waste time trying to defend something that's not defensible. The Supreme Court said this is perfectly acceptable as a matter of fact said it's a good tactic and cited Clarence Darrow who said as Judge Kleinfeld will remember I do not know how much salvage there is in these two boys your honor would be merciful if you tied a rope around their necks and let them die. Well your honor that may be the case in some situations but I don't think it was in this case. This is not a case where as it is in some cases where you get to the end of the case and it's better to hang yourself on a couple of the lesser included or anything like that and in fact my client was not even consulted about this. There's no evidence in the record that he was. A lot of things you don't consult. I keep thinking in this in this case in this type of case of a particularly effective federal defender that appeared in front of me on a drug case and he got out in his opening statement and he said my client is a heroin addict. My client also sells heroin. When the police searched her house they found heroin works and they found heroin but she was not selling heroin for her co-defendant on the occasion charged in the indictment and the jury reviewed the evidence and decided all those things were true and acquitted her. It's a good way to get an acquittal. Well it wasn't in this case. Yeah but what's the matter with it? All of my client's constitutional rights. Well aside from his opening statement. From what you claim and perhaps incorrectly are his constitutional rights. Why wasn't it within the range of reasonable tactics for a lawyer to use to try to beat the he was admitting to his guilt. He could have raised the same defense without. That's a generic response that doesn't distinguish it from the example I just gave you about the heroin addict. Well he could have made his same arguments that the guy came to Oregon to get away from his wife that the guy came to Oregon to visit friends. He didn't have to admit that his client was a methamphetamine cook in order to do that. He still could have raised the defense. He still could have cross-examined witnesses. In Gentry the lawyer said that told the jury his client was a bad person, a lousy drug addict, a stinking thief, and a jailbird. And the Supreme Court said that's perfectly all right if it's part of a tactic to get them to focus on the real issue in the case. Isn't that what precisely the lawyer did here? Again I don't think so. Well you know I don't mean to criticize you but you ought to take a good look at your issues before you come to the Gentry and you can tell us how that's distinguishable. We'll hear from the other side. Miss Ellis, you know sometimes cases are simply not winnable. Good afternoon your honors. Jeffrey Kent on behalf of the United States. In that same respect as Yarborough your honor. Did you read it? I have not. I have not seen it. It's a tie then. Well that's true but based upon your description of the opinion the Ninth Circuit itself has said in two prior cases cited in the government's brief that for example to incriminate oneself on a less serious crime to avoid a more serious conspiracy conviction was a reasonable strategy under the circumstances. It may not even be less serious. Another case a wonderful defense lawyer I know basically admitted the child molesting but put it at dates so far outside the indictment that they couldn't be within its reasonable coverage. And in that same respect your honor Anderson versus Calderon which was a Ninth Circuit case also cited in the government's brief. The defendant actually admitted in his defense murder but it was a type of murder designed to evade the imposition of the death penalty. Is it correct that there was really no question that the prior was going to come in anyway? I wouldn't say that there was no question your honor. I mean the district court would have had to have weighed the various factors to determine whether or not it would be usable to impeach the defendant. But I would submit that one of the major problems that the defense faced in this case was the stop down in California where there was a trailer loaded with a meth lab and chemicals and everything to manufacture methamphetamine. And the defense in my mind, well, it was, it surprised me when the defense counsel said that in opening statement as he began to craft his defense or shape his defense, it was clear that he used the very strategies described by the court which is own up to some things such as I did wrong in California and I'm serving seven years in the penitentiary for it which makes his position and other defenses such as yes I'm a meth cook but I wasn't part of the meth operation in this particular case more credible. As it turns out, given the weight of the evidence, the testimony of his former girlfriend, his statement down in California which amounted to a confession really which he later recanted when contacted again by law enforcement about potential cooperation and various other evidence in the case concerning purchase of cold pills used to manufacture methamphetamine that the evidence as Judge Hogan observed was truly overwhelming that this was, as the court observed, a strategic decision where a defense counsel was faced with overwhelming evidence that otherwise would have led to, certainly had led to his conviction. And to his credit, the defense counsel laid low through most of the trial and made his points that supported the theory of the defense such as reasons why they came up to Oregon and various issues going on in the defendant's life. What I've got here is they caught him red-handed. He confessed. The only defense is what we used to call in Alaska the airplane defense. Maybe one of the witnesses won't show up on the airplane. That's one way to describe it, yes. In your, I guess it's your brief, you say on page three in connection with the defense being understandable because of incriminating evidence on the next page, you say that some of the evidence is his subsequent admissions that he manufactured 10 pounds of meth in Oregon with some guys named Buck and Eddie Lamont and Klamath Falls, RT-1051-1060. I read the reporter's transcript that I couldn't find anything about Buck and Eddie Lamont and Klamath Falls. Where is that? That is definitely in the record, where the defendant was evasive with regard to the precise identity of the individuals that he manufactured. You say he admitted he did it in Oregon with Buck and Eddie Lamont. I've read 1051 and 1060 and can't find any names about Buck, Eddie Lamont, or some guys. Well, I apologize to the court, your honor, if that is an erroneous transcript reference. I will go and double check that and be happy to supplement that information to the court with the court's permission. Don't do it until we ask you. Very well, your honor. Do you have anything else? The case just argued is order submitted. Thank you, counsel. Thank you. Shelby v. Bartlett.
judges: Ferguson, Trott, Kleinfeld